IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOBIN R. TAYLOR, | ) | 4:12CV3003 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| J. SORENSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On January 4, 2012, Plaintiff filed his Complaint in this matter along with a Motion for Leave to Proceed in Forma Pauperis ("IFP"). (Filing Nos. 1 and 2.) On January 17, 2012, the court granted Plaintiff's IFP Motion and assessed an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). (Filing No. 7.) In doing so, the court warned Plaintiff that his case would be subject to dismissal if he failed to pay the initial partial filing fee by February 13, 2012. (*Id*.)

The February 13, 2012, deadline has passed and Plaintiff has not paid the initial partial filing fee in this matter. (*See* Docket Sheet.) Therefore, Plaintiff's case is dismissed for failing to comply with the court's January 17, 2012, Memorandum and Order. See Fed. R. Civ. Pro. 41(b); *see also Conley v. Holden*, No. 03-3908, 2004 WL 2202452, at *1 (8th Cir. Sept. 21, 2004) (affirming district court's dismissal of inmate's case for failing to pay the assessed initial partial filing fee).

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (filing no. 1) is dismissed without prejudice because Plaintiff failed to comply with this court's orders.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 13th day of March, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.